UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JENNIFER GLEDHILL; N.J., a minor; A.J., a minor; AND An.J., a minor,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [29] PLAINTFF'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM, DEPOSIT, AND INTERPLEADER RELIEF**<br><br>Case No. 2:25-cv-00200-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff Prudential Insurance Company of America's ("Prudential") Motion for Appointment of Guardian Ad Litem, Deposit of Death Benefits, and Interpleader Relief.[1]

**BACKGROUND**

Prudential filed an interpleader Complaint on March 14, 2025, in which it alleges the following.[2] Prudential is an insurance company that provides Servicemembers Group Life Insurance (SGLI) policies to the Department of Veteran Affairs.[3] Matthew Johnson was insured under a Prudential SGLI policy in the amount of $500,000.[4] Mr. Johnson's wife, Jennifer Gledhill, was named as the primary beneficiary of the policy.[5] He also had three minor children

---

[1] Mot. for Appointment of Guardian Ad Litem, Deposit, and Interpleader Relief ("Interpleader Motion"), ECF No. 29, filed Feb. 27, 2026.
[2] Compl., ECF No. 1, filed Mar. 14, 2025.
[3] *Id.* ¶ 8.
[4] *Id.* ¶ 9.
[5] *Id.* ¶ 10.

1

with Ms. Gledhill.[6] Mr. Johnson died on September 20, 2024.[7] His wife, Ms. Gledhill, was subsequently charged with his murder and is currently incarcerated at Salt Lake Metropolitan Jail while she awaits the results of her pending criminal action in Utah state court.[8]

SGLI policies are governed by federal statute.[9] The relevant statute prohibits a person convicted of wrongfully killing the insured from receiving any proceeds from the policy.[10] If a primary beneficiary is thus disqualified, the proceeds pass as directed by the statute.[11] In this case, the $500,000 death benefits would pass to Mr. Johnson's minor children if Ms. Gledhill were convicted.[12]

After filing its Complaint, Prudential filed a motion for interpleader deposit and appointment of guardian ad litem ("First Interpleader Motion").[13] The court denied that prior motion, noting that there was no immediate threat of multiple liability and no need for immediate legal analysis.[14] The minor defendants had not yet accepted service or appeared at that point.[15] Considering these circumstances, the court denied Prudential's First Interpleader Motion because the need for interpleader and appointment of a guardian ad litem was not yet clear, especially when weighed against the court's lack of information about the minors' situation.[16] But the court permitted Prudential to file a renewed motion if the circumstances changed.[17]

---

[6] *Id.* ¶¶ 3–5.
[7] *Id.* ¶ 11.
[8] *Id.* ¶¶ 2, 12.
[9] *Id.* ¶ 14.
[10] *Id.*
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 17.
[13] Mot. for Appointment of Guardian Ad Litem and Deposit of Death Benefits ("First Interpleader Motion"), ECF No. 18, filed Aug. 8, 2025.
[14] Order Denying First Interpleader Motion ("First Order") 4–5, ECF No. 20, entered Oct. 6, 2025.
[15] *Id.* at 6.
[16] *Id.*
[17] *Id.*

## STANDARD

"Federal courts have jurisdiction to hear two forms of interpleader actions: statutory interpleader and rule interpleader."[18] Subject-matter jurisdiction in a statutory interpleader case arises from 28 U.S.C. § 1335 when (1) "[t]wo or more adverse claimants, of diverse citizenship," (2) "are claiming or may claim" property or money worth $500 or more, and (3) the plaintiff deposits the disputed funds or a bond with the court.[19] Rule interpleader under Rule 22 of the Federal Rules of Civil Procedure provides no special basis for subject-matter jurisdiction and allows "[p]ersons with claims that may expose a plaintiff to double or multiple liability" to be "joined as defendants and required to interplead."[20] "In an action in interpleader, the court must . . . determine whether a single, identifiable stake is present" and "whether there are two or more adverse claims to that stake, focusing on the substance of the legal claims asserted."[21]

## DISCUSSION

In this case, the court has jurisdiction under rule interpleader because the claim arises under a law of the United States with regard to the governing SGLI statute,[22] the amount in controversy exceeds $75,000, and Prudential and the Defendants are diverse.[23]

As already noted, the court previously denied Prudential's First Interpleader Motion in large part because the minor defendants had not yet appeared, so the court was unable to determine how to best protect their interests.[24] Now, the minor defendants have appeared and

---

[18] *Clausen as Tr. of Brett M. Partridge Tr. v. Protective Life Ins. Co.*, No. 2:22-CV-00757-TC-DAO, 2023 WL 4137370, at *2 (D. Utah June 22, 2023).
[19] 28 U.S.C.A. § 1335(a).
[20] Fed. R. Civ. P. 22(a)(1).
[21] *In re Millennium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634, 642 (10th Cir. 2014).
[22] 28 U.S.C.A. § 1331; Compl. ¶ 6.
[23] 28 U.S.C.A. § 1332(a); Compl. ¶¶ 1–5, 9.
[24] First Order 6.

3

have filed an answer in this case.[25] Furthermore, all defendants have stipulated to Prudential's

Motion, and Jon and Christie Coltharp, the minor defendants' current caretakers, have consented

to being named guardians ad litem.[26] The parties jointly request that the court (1) appoint Jon and

Christie Coltharp as guardians ad litem for the minor defendants; (2) direct Prudential to

discharge the death benefit with the court; and (3) dismiss Prudential with prejudice, releasing it

from all related claims.[27] Prudential agrees to bear its own fees and costs.[28]

Interpleader actions generally proceed in two stages.[29] The court must first determine

"whether the plaintiff 'has properly invoked interpleader, including whether the court has

jurisdiction over the suit, whether the plaintiff is actually threatened with double or multiple

liability, and whether any equitable concerns prevent the use of interpleader.'"[30] Assuming

interpleader is proper, the court may permit the plaintiff to pay the disputed funds into the

registry of the court and then discharge the plaintiff.[31] Once the plaintiff is discharged, the

second stage involves determining "the relative rights of the parties to the funds at issue."[32]

Interpleader is now appropriate in this action. As the court noted in its previous order,

interpleader is usually proper in circumstances involving death benefits and possible

disqualifications under slayer statutes.[33] Prudential has still not alleged or argued that any party

---

[25] *See* Minors' Answer, ECF No. 28, filed Jan. 12, 2026.

[26] Interpleader Motion 3.

[27] *Id.* at 3–4.

[28] *Id.* at 4.

[29] *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007).

[30] *Metro. Life Ins. Co. v. Asbell*, No. 21-CV-00332-RAW, 2023 WL 1967299, at *3 (E.D. Okla. Feb. 13, 2023) (quoting *High Tech Prods*, 497 F.3d at 641).

[31] *Id.*

[32] *Id.*

[33] *See Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414 (D. Kan. 1997) (explaining that "the Tenth Circuit ha[s] demonstrated a clear preference for the interpleader process in cases" involving death benefits and slayer statutes); *Glass v. United States*, 506 F.3d 379, 383 (10th Cir. 1974) (noting that "interpleader action . . . is specifically designed" for cases like those involving a disputed benefit and a slayer statute).

is making a disputed legal claim to the fund. But the parties' conflicting interests are apparent on the face of the insurance policy and the SGLI statute.[34] Importantly, the court's earlier concerns that weighed against granting Prudential's First Interpleader Motion have largely been alleviated. The minors' current caretakers have retained counsel and have appeared on behalf of the minor beneficiaries.[35] There is also no indication that the disputed funds will be unnecessarily diminished by this action, as Prudential has agreed to bear its own fees and costs.[36] And each of the parties has stipulated to the granting of interpleader relief.[37] Therefore, Prudential may deposit the disputed funds into the registry of the court and be discharged from this action with prejudice.[38]

## ORDER

Plaintiff's [29] Motion for Appointment of Guardian Ad Litem, Deposit of Death Benefits, and Interpleader Relief is GRANTED. Prudential shall deposit the disputed funds into the registry of the court. Prudential is discharged from this action with prejudice, and the remaining parties are enjoined from prosecuting any other proceeding against Prudential related to the disputed funds. Jon and Christie Coltharp are appointed as guardians ad litem for the minor defendants, N.J., A.J., and An.J.

---

[34] *See* Compl. ¶¶ 12–17; *see also* Fed. R Civ. P. 22(a)(1).
[35] *See* Minors' Answer 1.
[36] Interpleader Motion 4.
[37] *Id.* at 3.
[38] *See Metro. Life Ins. Co. v. Asbell*, No. 21-CV-00332-RAW, 2023 WL 1967299, at *3 (E.D. Okla. Feb. 13, 2023).

Signed March 17, 2026.

BY THE COURT

_____

David Barlow
United States District Judge